UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PREMIER TRAILER LEASING, INC.,**

 **Plaintiff,**

v.                Case No. 8:19-cv-2558-T-60AAS

**DM WORLD TRANSPORTATION,
LLC, and ABDUVOSIT RAZIKOV,**

 **Defendant.**
_____/

## ORDER

The plaintiff, Premier Trailer Leasing, Inc. (Premier), seeks an order authorizing alternative service, by email, on the defendant, Abduvosit Razikov. (Doc. 28). The other defendant, DM World Transportation, LLC (DM World), does not oppose the motion. (*Id.* at p. 6). Premier mailed a copy of this motion to Mr. Razikov at his U.S. residence (*Id.* at p. 7), but apparently Mr. Razikov has been absent from the U.S. since Premier filed its complaint in October 2019 (Doc. 1). (Doc. 28, p. 2).

### I. BACKGROUND

Premier sues DM World for prejudgment and post-judgment replevin, breach of contract, account stated, and open account. (Doc. 1, pp. 5–7). Premier also sues Mr. Razikov for breach of continuing guaranty related to the DM World contracts. (*Id.* at pp. 7–8). DM World is actively defending the allegations. (Doc. 22).

The verified complaint alleges Mr. Razikov is one of two members of DM World, a Florida limited liability company. (Doc. 1, ¶ 3). The signature of Mr. Razikov's

1

December 14, 2019 email indicates he is the "CEO." (Doc. 28-1).

After several unsuccessful attempts to serve the complaint on Mr. Razikov, Premier successfully sought an extension of time to serve the complaint on Mr. Razikov. (Doc. 23). Premier informed the court in its motion that Mr. Razikov is outside the United States in either Uzbekistan or China. (*Id.* at ¶ 8). Premier also attached the December 14, 2019 email in which Mr. Razikov explains he is in China and would be back to the states after the holidays. (Doc. 23-1). Two months later, Mr. Razikov apparently has not returned to the United States, and Premier's deadline to serve Mr. Razikov is February 28, 2020. (Doc. 24).

In Premier's current motion for alternative service, Premier states Mr. Razikov's current location is unknown but believes he may be in Uzbekistan or China. (Doc. 28, p. 1). Premier unsuccessfully attempted several times to serve Mr. Razikov at his home in Orlando[1] (*Id.* at ¶ 7), and counsel for DM World indicate DM World is not authorized to accept service on behalf of Mr. Razikov (*Id.* at ¶5, n.1).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure outline the procedure for service upon an individual located outside the United States. Fed. R. Civ. P. 4(f). The Rule provides:

> Unless federal law provides otherwise, an individual [...] may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is

---

[1] Even though Mr. Razikov may have a residence in the United States, the "application of the rule is not triggered by the citizenship of the individual being served but rather the place in which service is effected." *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997); *see also Opella v. Rullan*, No. 10–21134–CIV, 2011 WL 2600707, at * 4 n.9 (S.D. Fla. June 29, 2011).

reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Without an "internationally agreed means reasonably calculated to give notice such as those means authorized by the Hague Convention," the court must look at the remaining provisions of subsection 4(f) of the Federal Rules of Civil Procedure. *Prewitt Enters. Inc., c. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 922–23 (11th Cir. 2003).

Compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (Hague Convention) is "mandatory in all cases to which it applies." *Volkswagen AG v. Schlunk,* 486 U.S. 694, 705 (1988). The Hague Convention "requires each state to establish a central authority to receive requests for service of documents from other countries." *Id.* at 698.

3

> Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law. The central authority must then provide a certificate of service that conforms to a specified model. A state also may consent to methods of service within its boundaries other than a request to its central authority.

*Id.* at 699 (internal citations omitted). But the Hague Convention does not apply when the defendant's location is unknown. *See Chanel, Inc. v. Zhixian*, No. 10–cv–60585, 2010 WL 1740695, at *2 (S.D. Fla. Apr. 29, 2010).

## III. ANALYSIS

Since Mr. Razikov's location is not known, the court can skip the analysis on whether the Hague Convention allows email service. The court can exercise its discretion in ordering alternative method of service under Rule 4(f)(3) that fulfills the due process requirements. *Chanel, Inc. v. Lin*, No. 08–23490–CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009). In exercising its discretion under Rule 4(f)(3), the court is limited to approving a method of service that fulfills constitutional due process requirements in which the party receives "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Courts find that service by email comports with due process when "the facts suggest that the foreign defendant has been in contact with the attorney about the litigation" by email or other means. *Taser Int'l, Inc. v. Phazzer Electronics, Inc.*, No: 6:16–cv–366–Orl–40KRS, 2016 WL 7137699, at *2 (M.D. Fla. Nov. 29, 2016).

Here, Premier proposes to serve Mr. Razikov at abdul@dmwtrans.com because Premier has successfully communicated with Mr. Razikov using that email address. Specifically, Premier received an email from Mr. Razikov using this address, and, in that email, Mr. Razikov addressed the possibility of settlement and sought to meet with Premier about the litigation once he returned to the United States. (Doc. 28-1). Thus, service to this email address is reasonably calculated to apprise Mr. Razikov of this litigation and to allow Mr. Razikov to present his objections, fulfilling the due process requirements.

## IV. CONCLUSION

Because Mr. Razikov's location is unknown and the court can exercise its discretion in ordering alternative method of service, Premier's motion for an order authorizing alternative service of process on Mr. Razikov (Doc. 28) is **GRANTED.** Premier may serve Mr. Razikov by email by sending (1) the complaint; (2) the summons; (3) the civil cover sheet; and (4) a copy of this order to this email address: abdul@dmwtrans.com.

**ORDERED** in Tampa, Florida, on February 24, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge