UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PREMIER TRAILER LEASING, INC.,

    Plaintiff,

v.                                            Case No. 8:19-cv-2558-T-60AAS

DM WORLD TRANSPORTAITON, LLC,
and ABDUVOSIT RAZIKOV,

    Defendants.
_____/

**ORDER GRANTING IN PART "PLAINTIFF
PREMIER TRAILER LEASING, INC.'S MOTION FOR
FINAL SUMMARY JUDGMENT AGAINST DEFENDANTS"**

This matter is before the Court on "Plaintiff Premier Trailer Leasing, Inc.'s Motion for Final Summary Judgment Against Defendants," filed by counsel on May 1, 2020. (Doc. 37). On July 2, 2020, Defendant Abduvosit Razikov filed a response in opposition to the motion. (Doc. 42). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

Plaintiff Premier Trailer Leasing, Inc. is a Texas corporation engaged in the business of leasing trailers for interstate trucking and shipping. Defendant DM World Transportation, LLC ("DM World") is a Florida limited liability company that contracted with Plaintiff to lease certain trailers for use in connection with its business. Defendant Abduvosit Razikov is a member of DM World and personally guaranteed the obligations of DM World under a continuing guaranty. Plaintiff and

DM World entered into several agreements, including a master lease agreement, leasing schedules, rental agreements, and an equipment schedule.

Plaintiff alleges that DM World breached the terms of the agreements by failing to pay amounts due, and that it was in default as of September 9, 2019. On September 17, 2019, Plaintiff sent DM World a notice of termination and demand for the return of the trailers in DM World's possession. During the pendency of this lawsuit, the trailers were returned. Plaintiff sues DM World for prejudgment and postjudgment replevin, breach of contract, account stated, and open account. Plaintiff also sues Razikov for breach of continuing guaranty related to the DM World contracts.

On May 14, 2020, the Court stayed the case after DM World filed a notice of suggestion of bankruptcy. Subsequently, the case was reopened as to Razikov only. Consequently, the Court only addresses the pending summary judgment motion as to Count V – Breach of Guaranty against Razikov.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party

must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

While the Court considers the facts in the light most favorable to the nonmoving party, speculation does not create a genuine issue of fact, and the nonmovant must provide more than a mere scintilla of evidence to survive summary judgment. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008); *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

## Analysis

### *Count V -- Breach of Guaranty Against Razikov*

"Under Florida law, a claim of breach of guaranty agreement is a straightforward state-law breach of contract claim." *Centennial Bank v. Bodies in Motion, Inc.*, No. 8:15-cv-1321-T-35TBM, 2016 WL 7115990, at *4 (M.D. Fla. July 19, 2016) (internal quotations omitted). As such, a plaintiff is required to prove the existence of a valid contract, a material breach, and damages. *Id.* (citing *Whitney Nat. Bank v. R & S Development of SW Fl, LLC*, No. 8:09-cv-2315-T-30TGW, 2010 WL 2367137, at *2 (M.D. Fla. June 14, 2010)). Additionally, the plaintiff must prove that it performed its obligations under the contract or provide a legal excuse for its non-performance. *Id.*

Plaintiff has supported its motion for summary judgment by submitting an affidavit from Jeffery Paschal, Director of Credit and Collections for Premier Trailer Leasing, Inc. (Doc. 37-1). Plaintiff has also provided numerous documents, including copies of the agreements (Docs. 1-1; 1-2), a termination and demand letter (Doc. 1-3), copies of invoices (Doc. 37-2), and an account history (Doc. 37-3). Although Razikov generally denied numerous allegations of the complaint, he has failed to submit any competing evidence to oppose summary judgment. (Docs. 34; 42).

Among other things, Mr. Paschal states that Plaintiff and Defendant DM World entered into several agreements, including a master lease agreement, leasing schedules, rental agreements, and an equipment schedule; Razikov executed and delivered a continuing guaranty in connection with these agreements. (Doc. 1-1 at ¶¶ 4-5). Mr. Pascal avers that Plaintiff sent invoices to DM World for amounts due under the agreements, but DM World failed to pay the invoices. (Doc. 1-1 at ¶¶ 6-8). According to Mr. Paschal, as of September 9, 2019, DM World was in default. (Doc. 1-1 at ¶ 9). As a result of the default, Plaintiff terminated the agreements by letter dated September 17, 2019. (Doc. 1-1 at ¶ 9).

Plaintiff continued to bill DM World pursuant to the terms of an agreement, sending periodic invoices and maintaining an open account while DM World remained in possession of the trailers; DM World did not object to the invoices. (Doc. 1-1 at ¶¶ 10-13). Mr. Paschal indicates that Plaintiff has credited any amounts paid by DM World to the account, along with the security deposit and any other lawful offsets, payments, and credits. (Doc. 1-1 at ¶¶ 14-15; 17). During the pendency of this lawsuit, Plaintiff recovered possession of the trailers, so DM World was only invoiced

for possession of the trailers until the time they were recovered. (Doc. 1-1 at ¶ 19). Under the agreements, Plaintiff billed DM World for the costs associated with recovering the trailers and subsequent repairs. (Doc. 1-1 at ¶¶ 20-21)

In this case, by signing and executing a guaranty agreement, Razikov is obligated to timely pay and perform all duties owed under the contract. He has failed to dispute the validity of the agreements upon which the claims against him are based. Plaintiff has demonstrated that it satisfied all requirements and conditions precedent to bringing this suit, and that it performed its own obligations under the contracts.

Plaintiff has established that it sent invoices and demands to DM World. Nonpayment constitutes a material breach of a contract. *See Centennial Bank*, 2016 WL 7115990, at *4 (citing *PGT Industries, Inc. v. Harris & Pritchard Contracting Services, LLC*, No. 8:12-cv-358-T-33TGW, 2013 WL 1320434, at *3 (M.D. Fla. Mar. 29, 2013)). Plaintiff has proven that the total amounts under the contract remain due and owing. Therefore, Plaintiff has shown that a material default exists under the applicable guaranty agreement, and that Plaintiff has suffered monetary damages as a result of the breaches.

Razikov's response in opposition to the summary judgment motion only argues that summary judgment is not appropriate since DM World – the co-defendant debtor – is in bankruptcy proceedings. However, this fact would not preclude summary judgment. *See, e.g., id.* at *4-5 (entering summary judgment against solvent co-defendant although debtor co-defendant had filed for bankruptcy); *Woodforest National Bank v. Freeman Orthodontics, P.A.*, No. 19-cv-25168-BLOOM/Louis, 2020 WL 3103916, at *2 (S.D. Fla. June 11, 2020) (same). There is no dispute that Razikov

…
…

is currently in default under the guaranty because neither DM World nor Razikov paid the balance due upon receipt of notice and demand. As such, the Court concludes that there are no genuine issues of material fact, and that Plaintiff is entitled to judgment as a matter of law as to Count V.

## *Damages*

"[T]he Court may enter judgment without a hearing only if 'the plaintiff's claim against [the] defendant is for a sum certain or for a sum which can by computation be made certain,' if 'the amount claimed is a liquidated sum or one capable of mathematical calculation,' or if the movant submits sufficient evidence to support the request for damages." *Centennial Bank*, 2016 WL 7115990, at *5 (internal citations omitted). Here, a hearing is not required to address damages because the total amount of damages is supported by calculations in the motion for summary judgment and its supporting exhibits.

Under the terms of the agreement, in addition to the principal, Plaintiff is entitled to default interest from the date of default until the entry of judgment. This amount can be made certain by computation. Through April 29, 2020, the damages totaled $1,285,612.22, consisting of $1,182,402.37 in principal, and $103,209.85 in interest. However, interest has continued to accrue at the contractual rate since that date at the rate of $558.46 per diem. The parties are directed to confer and submit a proposed final judgment that includes the total amount of damages owed, including interest, through the date of judgment.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff Premier Trailer Leasing, Inc.'s Motion for Final Summary Judgment Against Defendants" (Doc. 37) is hereby **GRANTED** to the extent that the Court finds that Plaintiff is entitled to the entry of final judgment in its favor, and against Defendant Abduvosit Razikov, as to Count V. A final judgment will be entered separately.

2. The parties are **DIRECTED** to confer and submit a proposed final judgment on or before August 28, 2020. If, after conferring, they cannot agree on a proposed judgment, each party may submit a separate proposal.

3. The remainder of the case is currently **STAYED** during the pendency of the bankruptcy case filed by Defendant DM World Transportation, LLC (Docs. 38; 39).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of August, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**