UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PREMIER TRAILER LEASING, INC.,**

    **Plaintiff,**

v.                                            Case No. 8:19-cv-2558-T-60AAS

**DM WORLD TRANSPORTATION,
LLC, and ABDUVOSIT RAZIKOV,**

    **Defendants.**
_____/

## **ORDER**

Premier Trailer Leasing, Inc. (Premier) moves for entry of default against Garnishee T.D. Bank, N.A. (T.D. Bank). (Doc. 62).

## I.  BACKGROUND

Premier sued DM World Transportation, LLC, and Abduvosit Razikov for breach of contract and breach of guaranty, among others. (Doc. 1). Premier moved for summary judgment on its claim of breach of guaranty against Mr. Razikov.[1] The court granted Premier's motion for summary judgment and entered a judgment in favor of Premier against Mr. Razikov for $1,351,276.99. (Docs. 44, 46).

To collect on this judgment, Premier moved ex parte for a writ of garnishment against T.D. Bank because Premier believed T.D. Bank "possesses or controls goods,

---

[1] DM World Transportation, LLC filed a suggestion of bankruptcy and the court stayed the case. (Docs. 38, 39). Premier successfully moved to reopen the case as to Mr. Razikov. (Docs. 40, 41).

1

monies, chattels or effects belonging to Razikov." (Doc. 54, ¶4). An October 21, 2020 order found Premier satisfied the requirements for issuance of writ under Florida law. (Doc. 56). The Clerk issued the writ of garnishment to Premier. (Doc. 57).

Premier now requests entry of default against T.D. Bank for failing to answer the writ of garnishment.[2] (Doc. 62). T.D. Bank has not responded.

## II. ANALYSIS

Premier moves for entry of default against T.D. Bank for failure to answer the writ of garnishment. (Doc. 63). As Premier correctly notes, Florida law requires "the garnishee to serve an answer on the plaintiff within 20 days after service of the writ." Fla. Stat. § 77.04. "If the garnishee fails to answer as required, a default shall be entered against him or her." Fla. Stat. § 77.081(1). Also under Rule 55(a), when a defendant fails to "plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

However, "[p]rior to directing the Clerk to enter a default, the Court must first determine whether the plaintiff properly effected service of process." *Pree v. Pickle Pro, LLC*, 2:17-cv-42-FTM-29CM, 2018 WL 6304864, at *1 (M.D. Fla. Dec. 3, 2018). To serve a corporation, the plaintiff can either deliver "a copy of the summons and complaint to an officer, a managing or general agent authorized by appointment or law to receive service of process and—if the agent is one authorized by statute to

---

[2] Because Premier's certificate of service did not include T.D. Bank, the court required Premier to send the motion to T.D. Bank and file an updated certificate of service. (Doc. 63). Premier timely provided an updated certificate of service. (Doc. 64).

receive service and the statute so requires—by also mailing a copy of each to the defendant" or following the state law for serving a summons in the state where the district court is located or where service is made under Rule 4(e)(1). Fed. R. Civ. P. 4(h).

Florida law "establishes the proper location for service of process upon a financial institution for all types of service of process to be made on a financial institution." Fla. Stat. § 655.0201(1). Additionally, Florida law provides that

> A financial institution authorized by federal or state law to transact business in this state may designate with the Department of State a place or registered agent located within the state as the financial institution's sole location or agent for service of process, notice, levy, or demand. Any such place or registered agent so designated must be open and available for service of process during regular business hours on regular business days, which, at a minimum, is any time between the hours of 9 a.m. and 5 p.m. local time, on Mondays through Fridays, excluding federal and Florida holidays. After a financial institution designates a place or registered agent within this state, such place or registered agent is the *sole location for service of process, including service for actions related to garnishment*, levy, injunctions, lawsuits, and the attachment of safety deposit boxes, in accordance with chapters 60, 76, and 77, and the Florida Rules of Civil Procedure.

Fla. Stat. § 655.0201(2) (emphasis added). Only if the financial institution does not have a registered agent, then service of process can be made "to any officer, director, or business agent of the financial institution." Fla. Stat. § 655.0201(3).

Here, Premier served Mr. Jeff Reyes, a customer service representative at a T.D. Bank location in Altamonte Springs, Florida. (Doc. 62, Ex. 1). Premier's service of the writ of garnishment on Mr. Reyes did not comply with Florida law. Because T.D. Bank is a financial institution, Premier needed to serve T.D. Bank's registered

3

agent as stated in Florida Statute § 655.0201(2). Premier does not state that T.D. Bank does not have a registered agent in Florida and a quick search of the Florida Department of State, Division of Corporation's website shows that T.D. Bank has a registered agent.[3] *But see U.S. Bank Nat'l Ass'n v. Sararo*, No. 2:16-cv-733-FtM-99CM, 2017 WL 1838634, at *1 (M.D. Fla. May 8, 2017) (finding service was proper on an authorized agent of the bank when the bank had no registered agent). Thus, Premier did not properly serve T.D. Bank with the writ of garnishment.

Upon review of Premier's Affidavit of Service, Premier used a process server to serve the writ of garnishment. (Doc. 62, Ex. 1). However, federal law governs who may serve a writ of garnishment. *See* Fed. R. Civ. P. 69(a)(1) ("The procedure . . . in proceedings supplementary to and in aid of judgment . . . must accord with the procedure of the state where the court is located but a federal statute governs to the extent it applies."). Because the Federal Rules of Civil Procedure have the force of a federal statute, Rule 4.1 governs the service of process. *See Sibbach v. Wilson & Co.*, 312 U.S. 1, 13 (1941) (stating a federal rule established within the power delegated to the Supreme Court "has the force of a federal statute"). "Process—other than a summons under Rule 4 or a subpoena under Rule 45—must be served by a United States marshal or deputy marshal or by a person specially appointed for that

---

[3] *Search for Corporations, Limited Liability Companies, Limited Partnerships, and Trademarks by Name*, Florida Department of State, Division of Corporations, http://search.sunbiz.org/Inquiry/CorporationSearch/ByName (last visited Dec. 17, 2020). A search of "T.D. Bank" provides a registered agent name and address: United States Corporation Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

purpose." Fed. R. Civ. P. 4.1(a). If Premier seeks to use a process server to serve the writ of garnishment, then it must move for permission from the court or can use the U.S. Marshals Service. *See Sumner v. Garner*, No. 6:18-cv-40-Orl-28GJK, 2019 WL 6716193, at*1–2 (M.D. Fla. Dec. 9, 2019) (granting the plaintiff's request to appoint special process server to serve writ of garnishment).

### III.  CONCLUSION

Because Premier did not follow Florida law in serving T.D. Bank with the writ of garnishment and who could serve the writ of garnishment, Premier's motion for entry of default (Doc. 62) is **DENIED WITHOUT PREJUDICE**.

**ORDERED** in Tampa, Florida on December 17, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge