UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PREMIER TRAILER LEASING, INC.,**

    **Plaintiff,**

v.                                                                Case No. 8:19-cv-2558-T-60AAS

**DM WORLD TRANSPORTATION,
LLC, and ABDUVOSIT RAZIKOV,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Premier Trailer Leasing, Inc. (Premier) seeks an award of attorney's fees and costs against Abduvosit Razikov. (Doc. 47). Mr. Razikov failed to respond. For the reasons below, Premier's motion should be granted in part and denied in part. Premier should be awarded attorney's fees of $37,686.00 and costs of $1,197.89 ($150.00 less than the $1,347.89 requested in the motion), for a total award of $38,883.89.

**I.  BACKGROUND**

DM World Transportation, LLC (DM World) leased certain trailers from Premier and agreed to a Master Lease Agreement, Leasing Schedules, Rental Agreements, and an Equipment Schedule (collectively, the Agreements). (Doc. 1, ¶ 9). With the Agreements, Mr. Razikov executed and delivered a Continuing Guaranty (Guaranty), which guaranteed DM World's performance and payment under the

Agreements. (*Id.* at ¶ 11; Doc. 1, Ex. B). Because DM World breached the Agreements by failing to pay amounts due, Premier terminated the Agreements and sought the return of the trailers and the amount due. (Doc. 1, ¶¶ 13–19).

Premier sued DM World for prejudgment and post-judgment replevin, breach of contract, account stated, and open account. (*Id.* at pp. 5–7). Premier also sued Mr. Razikov for breach of the Guaranty related to the Agreements. (*Id.* at pp. 7–8). DM World filed for bankruptcy, and the court stayed the case. (Docs. 38, 39).

Premier successfully moved to reopen the case only for its breach of guaranty claim against Mr. Razikov. (Docs. 40, 41). Before DM filed for bankruptcy, Premier moved for summary judgment against Mr. Razikov. (Doc. 37). After reopening the case, the court ordered Mr. Razikov to respond to Premier's motion for summary judgment. (Doc. 41). Mr. Razikov timely responded. (Doc. 42). The court granted Premier's motion for summary judgment and approved the proposed judgment. (Docs. 44, 45). The clerk entered judgment in favor of Premier and against Mr. Razikov for $1,341,276.99. (Doc. 46).

Premier now seeks its attorney's fees and costs against Mr. Razikov. (Doc. 47). Mr. Razikov did not respond and the time to do so passed.[1]

---

[1] Shortly after Premier moved for attorney's fees, Mr. Razikov's attorney, Jonathan Hempfling, moved to withdraw. (Doc. 49). Although the court at first denied the motion to withdraw (Doc. 50), the court ultimately allowed Attorney Hempfling to withdraw after conducting a hearing (Docs. 51, 58, 59, 60, 61). The court gave Mr. Razikov, now a pro se litigant, more time to respond to Premier's motion. (Doc. 61).

## II.     ANALYSIS

Premier seeks $37,686.00 in attorney's fees and $1,747.89 in costs. (Docs. 47, 71). In considering a motion for attorneys' fees, "the threshold issue . . . is always entitlement." *Universal Physician Services, LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2017 WL 343905, *2 (M.D. Fla. January 6, 2017).

### A.     Entitlement to Attorney's Fees

The principle that guides motions for attorney's fees is the American Rule: Each party must pay its own attorney's fees unless a statute or contract provides otherwise. *Baker Botts LLP v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (quotation and citation omitted). Florida follows this common law rule. *Price v. Tyler*, 890 So. 2d 246, 251 (Fla. 2004). "A party seeking to recover attorneys' fees under Florida law bears the burden of establishing a contractual or statutory right to such an award." *Plum Creek Technology, LLC v. Next Cloud, LLC*, No. 8:19-cv-1974-T-60CPT, 2020 WL 3317897, at *1 (M.D. Fla. June 3, 2020), *report and recommendation adopted*, 2020 WL 3288033 (M.D. Fla. June 18, 2020). That said, courts must strictly construe contractual provisions for attorney's fees. *Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335–36 (11th Cir. 2018) (quotation and citation omitted); *Islander Beach Club Condo. v. Skylark Sports, LLC*, 975 So. 2d 1208, 1211–12 (Fla. 5th Dist. Ct. App. 2008) (citations omitted).

Premier asserts that, as the prevailing party, it is entitled to recover its attorneys' fees from Mr. Razikov under the Agreements and the Guaranty. (Doc. 47,

p. 4). Under the Agreements, Premier can recover reasonable attorney's fees incurred in securing the repossession and remove of the trailers from DM World. (Doc. 1, Ex. A, ¶ 9(b)). Under the Guaranty,

> [Mr. Razikov] agrees to pay upon demand all of Potential Lessor's [Premier's] costs and expenses, including reasonable attorneys' fees and Potential Lessor's legal expenses, incurred in connection with the enforcement of this Guaranty. Costs and expenses, including attorneys' fees, including Potential Lessor's reasonable attorneys' fees and legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and expenses for bankruptcy proceedings (and including efforts to modify or vacate any automatic stay or injunction), appeals, and any post-judgment collection services.

(Doc. 1, Ex. B, ¶ 8(c)).

The Guaranty states that Mr. Razikov agreed to pay costs and expenses, including attorney's fees, incurred in connection with the enforcement of the guaranty. As the court noted when granting Premier's motion for summary judgment, "by signing and executing a guaranty agreement, [Mr.] Razikov is obligated to pay and perform all the duties under the contract." (Doc. 44, p. 5). Thus, Premier is the prevailing party and entitled to attorney's fees and costs under the contractual provisions. *See Buckhannon Bd. & Care Home, Inc. v. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001) (A prevailing plaintiff is "one who has been awarded some relief by the court" and "has prevailed on the merits of at least some of his claims.").

### B.   Amount of Attorney's Fees

Premier requests an award of $37,686.00 in attorney's fees. Specifically,

4

Premier asks for an award for the work of Attorney R.J. Haughey at $395 per hour for 51.8 hours (total of $20,461.00) and an award for the work of Attorney Ali V. Mirghahari at $250–$275 per hour[2] for 70.3 hours (total of $17,255.00). (Doc. 47, p. 5).

The initial burden of proof that the fee is reasonable falls on Premier, who must submit evidence about the number of hours expended and the hourly rate claimed. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Mr. Razikov has not responded to this motion, and his time to do so has expired. Thus, Premier's motion is presumed to be unopposed. *Carruega v. Steve's Painting, Inc.*, Case No. 2:16-cv-715-FtM-29CM, 2017 WL 3387228, at *3 (M.D. Fla. Aug. 7, 2017). Nevertheless, the court must still analyze the reasonableness of the requested attorney's fees.

The starting point for setting an attorney's fee is to determine the "lodestar" figure: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Norman*, 836 F.2d at 1299. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty Cty. Bd. of Edu.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

Most or all of these factors are subsumed in the calculation of the lodestar:

---

[2] Attorney Mirghahari's rates increased from $250 in 2019 to $275 in 2020. (Doc. 47, Ex. A).

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d 1292 (citing *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

The reasonableness of the rate charged is determined by its congruity with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. Uni. of S. Ala.*, 911 F.2d 604, 610 (11th Cir. 1990).

A fee applicant may meet the burden to show the reasonable rate by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. The court may also use its own expertise and judgment to assess the value of an attorney's services. *Id.* at 1303; *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cty.*, 278 F. Supp. 2d 1301, 1310 (M.D. Fla. 2003); *Scelta v. Delicatessen Support Servs.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded

as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). When reducing fees, courts may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Although courts may apply either method, they cannot apply both. *See id.* Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

The court will address the reasonableness of the hourly rates charged before addressing the reasonableness of the time entries.

### 1. Reasonable hourly rate

The court may decide a reasonable rate based on its own expertise and judgment. *Norman*, 836 F.2d at 1303–04. The court looks to the skills, experience, and reputation of the attorneys to determine what comparable lawyers charge for similar services in this locality. "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Barnes*, 168 F.3d at 437; *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market is Tampa, Florida.

"An applicant may meet its burden of establishing a reasonably hourly rate by setting forth direct evidence of rates charged under similar circumstances or

7

submitting opinion evidence of reasonable rates." *Bahrakis v. Zimmerman*, No. 8:19-cv-2948-T-24SPF, 2020 WL 4734929, at *3 (M.D. Fla. Aug. 14, 2020) (citing *Norman*, 836 F.2d at 1299). Premier submits a declaration from Attorney Paige Greenlee of Greenlee Law, PLLC. (Doc. 47, Ex. C). After reviewing Attorney Haughey's and Mirghahari's hourly rate, Attorney Greenlee opined those fees are reasonable. (*Id.* at ¶ 19).

Attorney Haughey requests an hourly rate of $395.00, which is less than his normal hourly rate of $410.00. (Doc. 47, p. 5). Attorney Haughey has been a Florida attorney for over twenty-three years and is a shareholder with Sivyer, Barlow & Watson. (Doc. 47, Ex. B, p. 2). Attorney Haughey specializes in commercial litigation involving commercial equipment and equipment manufacturers. (*Id.*). This court previously found hourly rates between $385-$400 an hour as reasonable for commercial litigators with over fifteen plus years of experience. *See Plum Creek Technology, LLC*, 2020 WL 3317897, at *5 (finding $400 an hour for a partner with seventeen years' experience was reasonable and "consistent with those charged for similar work in this geographic area") *report and recommendation adopted*, 2020 WL 3288033 (M.D. Fla. June 18, 2020); *Suncoast Waterkeeper v. City of St. Petersburg*, No. 8:16-cv-3319-T-27AEP, 2020 WL 1512486, at *6 (M.D. Fla. Mar. 30, 2020) (approving attorney's fees of $385 for attorneys with 20-22 years of experience).

Attorney Mirghahari requests an hourly rate between $250-$275. (Doc. 47, p. 5). Attorney Mirghahari has been a Florida attorney for three years and is an

associate with Sivyer, Barlow & Watson. (Doc. 47, Ex. B, p. 5). Attorney Mirghahari focuses his practice in commercial litigation. (*Id.*). This court previously found that Attorney Mirghahari's rate is reasonable given his background and experience. *Bahrakis*, 2020 WL 4734929, at *3–4 (approving Attorney Mirghahari's rate of $275 an hour).

Considering Attorney Greenlee's declaration, fee awards in comparable cases, and Mr. Razikov's failure to dispute these rates, Attorneys Haughey's and Mirghahari's rates are reasonable.

### 2.     Reasonable Hours Expended

Next, the lodestar analysis requires the court to determine the reasonable number of hours the moving party's attorneys expended. *Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). To prevail in its request for attorney's fees, the moving party should present accurate records that detail the work the attorneys performed. *Id.* Inadequate documentation may reduce the fees requested. *Id.*; *Hensley*, 461 U.S. at 433. The court may also reduce hours it finds excessive or unnecessary. *Rowe*, 472 So. 2d at 1150.

After the moving party provides sufficient documentation to support an attorney's fees award, the burden shifts to the opposing party to point out with specificity which hours should be reduced. *22nd Century Prop., LLC v. FPH Prop., LLC*, 160 So. 3d 135, 142–43 (Fla. 4th Dist. Ct. App. 2015) (quotation and citation omitted). Conclusory objections and generalized statements are not given much

weight. *Gray v. Lockheed Aeronautical Sys., Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted). Hours to which the opposing party fails to object with specificity are accepted as reasonable. *Scelta*, 203 F. Supp. 2d at 1333–34 (citations omitted). And the court must review the billing log to determine whether the work was unnecessary, excessive, redundant, included improper billing or clerical work performed by attorneys. *See Barnes*, 168 F.3d at 428.

Premier requests attorney's fees for 122.1 hours between Attorneys Haughey and Mirghahari. (Doc. 47, p. 5). Premier submitted a Declaration of Reasonableness by Attorney Greenlee. (Doc. 47, Ex. C). In her declaration, Attorney Greenlee used the *Johnson* factors to determine that the number of hours and hourly rate was reasonable. (*Id.* at ¶ 30). Although Attorney Greenlee does not state Premier's cause of action is novel, which it is not, Attorney Greenlee explains Attorneys Haughey and Mirghahari had to address novel issues such as alternative service for Mr. Razikov and reopening a closed case with a stay of bankruptcy for the corporate defendant. (*Id.* at ¶ 18). Attorney Greenlee did not give weight to whether this case precluded other employment because Attorneys Haughey and Mirghahari represented Premier in other state court actions. (*Id.* at ¶¶ 19, 26). Attorney Greenlee noted Premier imposed no time restraints or cap on its fees with its counsel. (*Id.* at ¶¶ 20–21). Attorney Greenlee afforded particular significance to the fact that Attorneys Haughey and Mirghahari got Premier "complete relief in this case, recovering each and every trailer which was subject to the replevin count, and obtaining full and

10

complete judgment on Razikov, despite his evading of service and despite the underlying DM World Transportation, LLC bankruptcy, and were able to obtain a judgment of more than $1.3 Million against Razikov." (*Id.* at ¶ 23).

Attorney Greenlee also noted a prior case from this district when the court found it was reasonable to spend 153.3 hours in a breach of contract and breach of guaranty. (*Id.* at ¶ 27 (citing *U.S. ex rel. Tarmac Am., LLC v. Pro Way Paving Syst., LLC,* No. 8:12-cv-867-T-33EAJ, 2013 WL 787397, at *1 (M.D. Fla. Mar. 4, 2013))). Premier's counsel also exercised billing judgment to exclude hours for work on discrete issues about DM World's bankruptcy. (*See* Doc. 47, Ex. A (showing 171.3 hours spent on this case)). Mr. Razikov did not respond to Premier's motion much less point out with specificity which hours should be reduced. Considering a similar case within this district, Attorney Greenlee's Declaration of Reasonableness, and Mr. Razikov's lack of opposition, the hours expended are reasonable.

\* \* \*

Based on a review of the submissions, the court finds the requested hourly rate and hours expended to be reasonable. The requested award is reasonable, given the attorneys' credentials, their experience in this area of law resulting in their efficiency in completing tasks, their success in seeking relief for their client, and Mr. Razikov's failure to object to this request. Thus, Attorney Haughey's request for attorney's fees of $20,461.00 and Attorney Mirghahari's request of attorney's fees for $17,255.00 should be granted.

### C. Costs

Premier also requests $1,747.89[3] in costs. (Doc. 47, p. 7; Doc. 71). In taxable costs, Premier asks for (1) $400.00 for fees of the clerk and (2) $810.00 for fees for service of summons and subpoena. (Doc. 71). In non-taxable costs, Premier requests $537.89 for shipping and research costs. (Doc. 47, p. 7). Again, because Mr. Razikov has not responded, Premier's motion is presumed unopposed. *Carruega*, 2017 WL 3387228, at *3.

Under Federal Rule of Civil Procedure 54(d), "there is a strong presumption that the prevailing party will be awarded costs." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (internal quotations and citations omitted). "That rule ordinarily applies only to taxable costs as defined in 28 U.S.C. § 1920, but a contractual provision can circumvent that restriction." *SunTrust Inv. Servs., Inc. v. Van Ormer*, No. 3:16-CV-1305-J-39PDB, 2017 WL 9935191, at *6 (M.D. Fla. May 22, 2017). Contractual provisions can allow for a party to recover non-taxable costs related to litigation arising out of the contract. *See Yellow Pages*, 846 F.3d at 1166.

#### 1. Taxable Costs

Taxable costs include the fees of the clerk and the fess for marshal for service of summons and subpoenas. 28 U.S.C. § 1920. "Whether a cost is compensable is an

---

[3] Originally, Premier requested $1,347.89 in costs. (Doc. 47, p. 7). The court ordered Premier to supplement its motion with a Proposed Bill of Costs to provide additional documentation to support its requests for taxable costs of $810.00. (Doc. 65). In its Proposed Bill of Costs, Premier increased its request for taxable costs to $1,210.00 to include fees for the clerk and service of summons. (Doc. 71).

issue of statutory construction, and the court's authority to tax costs is not expanded simply because the prevailing party's motion for costs is unopposed." *Regions Bank v. Kaplan*, No. 8:16-cv-2867-T-23AAS, 2018 WL 7982924, at *1 (M.D. Fla. Sept. 28, 2018), *report and recommendation adopted*, 2018 WL 7982925 (M.D. Fla. Oct. 29, 2018). "The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses." *Loranger v. Stierham*, 10 F.3d 776, 784 (11th Cir. 1994).

Premier requests $400.00 in fees it paid to the Clerk to file this action. (Doc. 71). Clerk fees are taxable. 28 U.S.C. § 1920(1). A party instituting a civil action in the Middle District of Florida must pay a filing fee of $350 and a $50 administrative fee. 28 U.S.C. § 1914; U.S. Dist. Court Middle Dist. of Fla., *Forms, Policies & Publications*, uscourts.gov, http://www.flmd.uscourts.gov/forms/forms_policies.htm (select "Fee Schedule"). Premier may recover its $400.00 for "fees of the Clerk."

Premier requests $810.00 in fees for service of summons and subpoena. (Doc. 47, p. 7; Doc. 71). Under Section 1920(1), a prevailing party may recover service of process costs for the complaint. *Powell v. Carey Intern., Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. Mar. 12, 2008). Courts can tax costs for private process servers' fees, but such fees should not exceed the statutory maximum authorized for service by the U.S. Marshals Service. *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623–24 (11th Cir. 2000). According to regulations proscribed by the Attorney General, the U.S. Marshals

Service may charge $65.00 per hour for each item served, plus travel costs and other out-of-pocket expenses. 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3).

From the October 2019 invoice, Premier requests $230.00 for the service of summons to DM World. (Doc. 71, Ex. A). Broken down, Premier spent $80.00 on the service and $150.00 on "Copies, Handling, Fedex, 700 pages" to serve DM World. (*Id.* at p. 2). Premier is entitled to the cost of service of the summons on DM World, but it cannot recover more than the statutory maximum of $65.00. Premier combines its requests for the costs of service of summons with the other costs of handling, copying, and FedEx charged by the private server. Premier failed to show how it was entitled to those other costs. *See Loranger*, 10 F.3d at 784. Even if Premier had sought to delineate the other costs from the service of process invoice, Premier would not be entitled to the cost of copying by the private process server. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (finding general costs such as copying as nonrecoverable under 28 U.S.C. § 1920). Thus, Premier should only recover $65.00 for its service of summons on DM World.

Premier requests reimbursement for multiple attempts to serve Mr. Razikov for $580.00. (Doc. 71, Ex. A, pp. 3–4). Again, Premier seeks the other costs of copying, handling, and FedEx charges of $200.00 imposed by the private process server which is not recoverable as taxable costs. As for the $380.00 in costs for service, Premier argues the high amount sought for service was because it took multiple attempts to serve Mr. Razikov. (Doc. 47, p. 7). Premier previously moved for alternative service

on Mr. Razikov because it had tried to serve him at his home without success and Mr. Razikov was not in the United States. (*See* Doc. 28). Premier meets its burden to show it should recover the costs associated with the multiple attempts to serve Mr. Razikov.

For the November 2019 invoice, Premier requests $80 for service of process on Mr. Razikov, which is more than the statutory amount allowed for service of process. (Doc. 71, Ex. A). Premier should only recover $65.00 for this attempt to serve Mr. Razikov.

For the last two attempts, seen in the February 2020 invoice, Premier sought "rush service" of the summons but provides no explanation or support for the additional cost ($150 per address when the private process server normally charged $80 for service). *See Bell v. Freeman Decorating Servs., Inc.*, No. 6:17-cv-960-Orl-31DCI, 2018 WL 6421760, at *2 (M.D. Fla. Nov. 21, 2018) (recommending the court disallow the request for more costs incurred for "rush service" because the defendant did not support its request), *report and recommendation adopted*, 2018 WL 6413356 (M.D. Fla. Dec. 6, 2018). These last two attempts showed Premier sought to serve Mr. Razikov at his home and at DM World. (Doc. 71, Ex. A, p. 4). But DM World informed Premier that it did not have authorization to accept service on behalf of Mr. Razikov despite being still employed by DM World. (Doc. 28, p. 2, n.1). Premier is entitled to the cost of service of process for both addresses. *See Johnson v. New Destiny Christian Ctr. Church, Inc.*, No. 6:15-cv-1698-Orl37TBS, 2018 WL 6447306, at *2 (M.D. Fla.

Oct. 24, 2018), *report and recommendation adopted*, 2018 WL 6334137 (M.D. Fla. Dec. 5, 2018). Thus, Premier should be allowed only to recover the statutory maximum of $65.00 for the last two attempts, totaling $130.00.

Thus, Premier should be able to recover $660.00 in taxable costs ($400.00 for fees of the clerk and $260.00 for fees for service of summons).

### 2. Non-Taxable Costs

Premier requests non-taxable costs of $537.89 broken down as $518.81 for Westlaw research and $19.08 for shipping costs for a package sent to the court. (Doc. 47, p. 7). The Guaranty allows Premier to recover "costs and expenses . . . incurred in connection with the enforcement of this Guaranty." (Doc. 1, Ex. B, ¶8(c)). "The use of the words 'costs' and 'expenses' denotes that there was an agreement that the prevailing party would be entitled to expenses in addition to the costs enumerated in § 1920." *Apple Glenn Investors, L.P. v. Express Scripts, Inc.*, No. 8:14-cv-1527-T-33TGW, 2018 WL 2945629, at *18 (M.D. Fla. May 25, 2018). Thus, Premier may recover $537.89 it requests in non-taxable costs.

\*   \*   \*

Premier's requests for costs should be granted in part and denied in part. Premier should be allowed to recover **$1,197.89** for costs associated with this litigation ($660.00 in taxable costs and $537.89 in non-taxable costs).

### III. CONCLUSION

As the prevailing party, Premier may recover reasonable attorney's fees and

costs. It is **RECOMMENDED** that Premier's Motion for Attorney's Fees and Costs (Doc. 47) be **GRANTED IN PART and DENIED IN PART** and that Premier be awarded attorney's fees of **$37,686.00** and costs of **$1,197.89**, for a total award of **$38,883.89**.

**ENTERED** in Tampa, Florida on December 31, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.